UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

| | |
|---|---|
| JEFFREY MURRAY #245927, | )<br>) |
| Plaintiff, | ) Case No. 2:05-cv-190<br>) |
| v. | ) HON. GORDON J. QUIST<br>) |
| UNKNOWN PALOMAKI, et al., | )<br>) |
| Defendants. | ) **OPINION**<br>) |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies, the Court will dismiss his complaint without prejudice.

**Discussion**

I.  Factual allegations

Plaintiff is presently incarcerated at the Alger Maximum Correctional Facility (LMF). In his *pro se* complaint, he sues Defendants Corrections Officer Palomaki, Corrections Officer Lee, Corrections Officer Polander, Corrections Officer Hinsa, Corrections Officer Mason, Corrections Officer Monroe, Corrections Officer Nowaki, Corrections Officer Hiedtman, Sergeant Arkins, Corrections Officer Swanjanen, Corrections Officer Bower man, Corrections Officer Masters, Corrections Officer Phillipson, Inspector Rutter, Lieutenant Nord, Corrections Officer Bradley, Corrections Officer Stacewich, Corrections Officer Sebaly, Corrections Officer Ollis, Corrections Officer Penman, Corrections Officer Aho, Warden David Bergh, Deputy Bobo, Resident Unit

Manager Bauman, Corrections Officer Vets, Corrections Officer Comstock, Corrections Officer Boyak, Corrections Officer Patrick, Corrections Officer Kleeman, Corrections Officer Lancour, Corrections Officer Lare, Corrections Officer Vanderschaegen, Corrections Officer Balamak, Corrections Officer Phill, Corrections Officer Connie, Corrections Officer Gramm, Corrections Officer Tellman, Corrections Officer Crandall, Corrections Officer Ballinback, and Corrections Officer Laparry.

Plaintiff claims that an officer told him that there was a valve in the "bubble" which officers could turn on to send gas or other dangerous substances into the ventilation system. Plaintiff contends that Defendants have threatened his life by "turning the gas button inside the officer's unit bubble causing gas, and causing Plaintiff to have (heart attacks) and it is happening every day." Plaintiff alleges that Defendants Palomaki, Lee, Polander, Hinsa, Mason, Monroe, Nowaki, Hiedtman, Arkins, Swanjanen, Bower man, Phillipson, Nord, Bradley, Sebaly, Ollis, Penman, Vets, Comstock, Boyak, Patrick, Kleeman, Lancour, Larry, Balamak, Phill, Connie, Gramm, Tellman, Crandall, Ballinback, and Vanderschaegen were responsible for controlling the gas button. Plaintiff further states that Defendants Masters, Stacewich and Laparry made Plaintiff's "chest hurt" from the ventilation. Plaintiff alleges that Defendants Rutter, Bergh, Bobo, and Bauman ignored his complaints and allowed the misconduct to continue. Plaintiff states that on May 29, 2005, Defendant Ollis tampered with the gas valve and caused Plaintiff to suffer a heart attack, which nearly resulted in Plaintiff's death. Plaintiff claims that his life is continuously in danger from exposure to gas from the ventilation system.

Plaintiff alleges that on at least one occasion Defendant Bradley took his food trays, and that Defendants Bradley and Monroe took his law library slip and law books in retaliation for Plaintiff's conduct in writing grievances. Plaintiff further claims that Defendant Bradley hit him, and then wrote a false misconduct on him for assault. On another occasion, Defendant Nord

allegedly sprayed pepper spray into Plaintiff's cell through the air vent for one hour, causing Plaintiff to become sick. Plaintiff was denied his meals on March 9, 2005, and March 21, 2005, by Defendants Penman and Aho. Defendants Rutter, Bergh, Bobo, and Bauman were aware of the physical abuse, but failed to take any corrective action. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

II. Lack of exhaustion of available administrative remedies

Plaintiff has failed to sufficiently allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 516; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement sua sponte. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 525 U.S. 833, 119 S. Ct. 88 (1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[1] *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S. Ct. 634 (2000). A prisoner must specifically mention the involved parties in the grievance to make prison officials

---

[1] To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. LCIVR 5.6(a). Plaintiff has chosen to forego use of the form complaint in this action.

aware of the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001).

Plaintiff's claims are the type of claims that may be grieved. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective Nov. 1, 2000); ¶ II (may grieve brutality and corruption by prison staff) (effective Oct. 11, 1999 and November 1, 2000); ¶ J (may grieve acts of reprisal for using the grievance process or for assisting others in filing grievances) (effective Oct. 11, 1999 and Nov. 1, 2000).

The burden to allege and show exhaustion belongs to Plaintiff. *See* 42 U.S.C. § 1997e(a); *Knuckles El*, 215 F.3d at 642; *Brown*, 139 F.3d at 1104. This requirement is "so that the district court may intelligently decide if the issues raised can be decided on the merits." *Knuckles El*, 215 F.3d at 642. Plaintiff offers copies of grievances he filed on Defendants Nord, Bowerman, Phillipson, Aho, Penman, Bradley, and Rutter (who is named as "Inspector"). However, Plaintiff fails to show that he exhausted his administrative remedies with regard to Defendants Palomaki, Lee, Polander, Hinsa, Mason, Monroe, Nowaki, Hiedtman, Arkins, Swanjanen, Masters, Stacewich, Sebaly, Ollis, Bergh, Bobo, Bauman, Vets, Comstock, Boyak, Patrick, Kleeman, Lancour, Lare, Vanderschaegen, Balamak, Phill, Connie, Gramm, Tellman, Crandall, Ballinback, and Laparry. An allegation that remedies have been exhausted is not enough, as a plaintiff must provide the decisions reflecting the administrative disposition of his claims or other evidence showing that he has exhausted his remedies. *Williams v. McGinnis*, No. 98-1042, 1999 WL 183345, at *1 (6th Cir. March 16, 1999). The Sixth Circuit has found that the district court is not required to hold evidentiary hearings on the issue of exhaustion or "spend a lot of time with each case just trying to find out whether it has jurisdiction to reach the merits." *See Knuckles El*, 215 F.3d at 642.

Because Plaintiff's complaint contains both exhausted and unexhausted claims, the Court will dismiss his action pursuant to the "total exhaustion" rule. Under the total exhaustion rule, the presence of an unexhausted claim results in the dismissal of the entire action. *Jones Bey v. Johnson, et al.*, 407 F.3d 801 (6th Cir. 2005). Dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997). Accordingly, the Court will dismiss Plaintiff's action without prejudice.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.


Dated:  October 6, 2005                              /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE